Dear Ms. Rosenberg:
We are in receipt of your request for our review and opinion of the proposed amendment to the charter of the City of St. Martinville. The proposed amendment increases the mayor's salary from Three Thousand Six Hundred Nineteen and 42/100 ($3,619.42) per month to Four Thousand Dollars ($4,000.00) per month through June 30, 2006 and Four Thousand Three Hundred Seventy-five Dollars ($4,375.00) per month thereafter, payable bi-weekly on his own warrant if the mayor's position is full-time, meaning at least forty (40) hours each week. If the mayor elects to be part-time, the salary is fixed at Eight Hundred Dollars ($800.00) per month.
The City of St. Martinville has presented the following documentation to your office for our review:
A copy of Ordinance No. 2003-08.
 An affidavit of publication of the ordinance, published in the Teche News, a weekly newspaper and the official journal of the parish of St. Martin. The ordinance was published in the July 16th, 23rd, and 30th, 2003 issues.
R.S. 33:1181 provides, in pertinent part:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, ; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law.
 We have reviewed the proposed amendment and are of the opinion that it is consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of Title 33. More specifically, Part I of Chapter 2 of Title 33, commonly referred to as the Lawrason Act, provides as follows:
 The board of aldermen shall by ordinance fix the compensation of the mayor, The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
 LSA-R.S. 33:404.1 (emphasis added). Therefore, we find that the proposed charter amendment is in compliance with the constitution and laws of the United States and the State of Louisiana and recommend that the Governor approve the proposed amendment, provided no protest has been filed within the thirty day period provided by law.
Trusting that this opinion sufficiently responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Gregory P. Hardy, City Attorney
DATE RELEASED: September 26, 2003